OPINION
On September 20, 2000, appellant, Rubin Szerlip, filed a complaint against appellees, Suzanne and Randall Spencer, for breach of contract involving real property located in Mount Vernon, Ohio.
By pretrial hearing assignment dated August 15, 2001, a pretrial was scheduled for October 8, 2001. Appellant failed to appear and appellees moved for judgment. By judgment entry filed October 29, 2001, the trial court granted said motion and entered judgment in favor of appellees.
Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I. THE TRIAL COURT FAILED TO ACT IMPARTIALLY.
 II. THE TRIAL COURT ERRED, ACTED CONTRARY TO LAW, AND ABUSED ITS DISCRETION WHEN IT ENTERED A DEFAULT JUDGMENT, THE MOST SEVERE OF SANCTIONS, IN FAVOR OF THE APPELLEES.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO, PURSUANT TO CIVIL RULE 55(A), NOTIFY APPELLANT OF APPLICATION FOR JUDGMENT.
 I
Appellant claims the trial court failed to act impartially. Specifically, appellant claims the trial court violated the Code of Judicial Conduct and engaged in a long succession of prejudicial judgments and acts. We disagree.
On September 6, 2001 appellant filed an application with the Supreme Court of Ohio to disqualify the trial court. By entry filed September 14, 2001, the Supreme Court of Ohio denied said application. Although such denial is considered to be the death knell on the disqualification issue, appellant seeks to relitigate this issue at the intermediate level, the appellate court. We find any allegations of judicial misconduct are not cognizable on appeal, but is a matter properly within the jurisdiction of the Disciplinary Counsel.
Assignment of Error I is denied.
 II, III
These assignments of error challenge the trial court's dismissal of appellant's complaint for failure to attend a pretrial. Appellant claims the trial court failed to provide notice under Civ. R. 55(A) in entering judgment and abused its discretion in imposing the most severe sanction against him. We agree.[1]
The notice for pretrial sent by the assignment commissioner is dated August 15, 2001, and is silent as to any sanctions for failure to attend. It is only an assignment notice and not a judgment entry or order.
Although the docket reveals that appellant was dilatory in responding to discovery request (see, motion for order to compel appellant to attend his deposition filed May 30, 2001 and judgment entry so ordering filed August 2, 2001), it is silent as to any orders warning or giving notice to appellant of potential sanctions as the one imposed sub judice.
Civ.R. 55(A) provides that notice of the application for judgment shall be given to an answering party before judgment can be taken:
 * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
No such notice was given in this case. We concur that the trial court has the authority to order sanctions against a party for non-appearance at a court ordered pre trial. However, the granting of judgment against a party without notice is contrary to law.
Assignments of Error II and III are granted.
The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion.
FARMER, P.J., EDWARDS, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to appellant.
[1] Appellee argues that appellant has failed to provide a record via App.R. 9 or Civ.R. 52. We find the docket and journal entries are sufficient to address these assignments of error.